UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:17-CR-641-B-2 |
| | § | |
| JOHNNY CLIFTON, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Johnny Clifton's Motion to Reduce Term of Imprisonment (Doc. 128). Clifton is seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). *Id.* For the following reasons, Clifton's Motion is **DENIED WITHOUT PREJUDICE**.

**I.**

**BACKGROUND**

On March 28, 2019, Clifton pleaded guilty to "Conspiracy to Commit Wire Fraud." Doc. 51, Plea, 1. On August 23, 2019, the Court sentenced Clifton to 160 months of imprisonment. Doc. 73, Judgment, 2. Clifton is now 57 years old and is confined at the Federal Correctional Institution, Sandstone, with a statutory release date of April 18, 2028.[1]

Clifton filed a Motion to Reduce Term of Imprisonment on November 14, 2023. Doc. 128. He argues that his family circumstances support reducing his sentence. Doc. 128, Mot., 7-9.[2] The Court considers Clifton's Motion below.

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate locator, available at https://www.bop.gov/inmateloc (last visited November 20, 2024).

[2] The citations to Clifton's Motion for Compassionate Release (Doc. 128) refer to the pagination on the Case Management/Electronic Case Files system.

## II.

## LEGAL STANDARD

Under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

A.  *Clifton Has Demonstrated Proof of Exhaustion.*

A court can only accept a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement is mandatory: "a court *may not* modify a term of imprisonment if a defendant has not filed a request with the BOP." *United States v. Franco*, 973 F.3d 465, 467–68 (5th Cir. 2020) (quotations omitted) (emphasis in original).

Clifton has met this requirement. He attaches to his Motion a request sent to the warden for compassionate release and the warden's response denying his request. Doc. 128, Mot., 14–15. Since he exhausted all his administrative remedies, the Court proceeds to the merits.

B.  *Clifton Has Not Shown Extraordinary and Compelling Reasons for Compassionate Release.*

Clifton has not shown "extraordinary and compelling reasons" warranting compassionate

release under § 3582(c)(1)(A)(i). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). Rather, Congress "delegated that authority to the Sentencing Commission," which was directed to "promulgate general policy statements regarding the sentencing modification provisions in § 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Id.* (citations and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, No. 4:09-CR-0199-1, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citation omitted). The three circumstances are the defendant's medical condition, age, and family situation. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1.[3] But § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392–93.

While not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes an extraordinary and compelling reason for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."). Considering

---

[3] The policy statement also provides a catch-all provision for "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP]." § 1B1.13 cmt. n.1.

Clifton's Motion in light of § 1B1.13, the Court concludes that Clifton has not demonstrated "extraordinary and compelling reasons" warranting compassionate release.

> i.  *COVID-19 Is Not an Extraordinary and Compelling Reason Warranting a Reduction.*

First, Clifton argues that the COVID-19 pandemic exacerbated the difficulties of his incarceration and therefore warrant a reduction in his term of imprisonment. Doc. 128, Mot., 5. He cites to emergency conditions implemented across the BOP that confined inmates "to their units 24 hours a day, seven days a week." *Id.* The Court sympathizes with Clifton. But finding that a BOP-wide COVID policy is an "extraordinary and compelling" circumstance would constitute a blanket pronouncement of "extraordinary and compelling" circumstances applicable to a wide swath of applicants. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (Boyle, J.) ("[T]he Court . . . should be cautious about making blanket pronouncements that categories of prisoners . . . warrant compassionate release, even given the unique circumstances of the COVID-19 pandemic."). And the Fifth Circuit has been clear that fear of COVID alone does not warrant compassionate release. *See Thompson*, 984 F.3d at 435. Therefore, Clifton's COVID argument fails.

> ii.  *The Court Does Not Find Clifton's Sentence Is Unusually Long.*

Clifton next argues that the court imposed an unusually long sentence. Doc. 128, Mot., 6. The Fifth Circuit has upheld longer sentences for Conspiracy to Commit Wire Fraud than Clifton's 160-month sentence. *See, e.g.*, *United States v. Bryant*, 854 F. App'x 572, 575 (5th Cir. 2021) (affirming a 240-month sentence for one count of conspiracy to commit wire fraud that was 105 months greater than the top of his advisory guidelines). The Fifth Circuit has also upheld sentences more than double the top of the advisory guidelines. *See United States v. Gutierrez*, 635 F.3d 148, 155 (5th Cir. 2011); *see also United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010) (upholding a sentence of 216

months when the guidelines range was 46 to 57 months).

Clifton argues that when he signed his plea agreement, he expected a shorter sentence. Doc. 128, Mot., 6. And he notes that if he had been sentenced "at the low end of the guideline range," which "would have been appropriate" given his lack of prior criminal history, "he would be out today." *Id.* Clifton's guideline range was 108 to 135 months. *See* Doc. 84, Sentencing, 27. At sentencing, the government noted Clifton's scheme was "the most lavish fraud scheme [government's counsel] ha[s] been involved with." *Id.* at 35. Given Clifton's offense and the factors this Court considered at sentencing, the Court does not find its 25-month deviation unreasonable or unusually long. *See United States v. Woods*, 102 F.4th 760, 765 (5th Cir. 2024) (noting that a deviation from the guidelines alone does not make a sentence unreasonable).

And no change in the law constitutes extraordinary and compelling circumstances for Clifton. Under § 1B1.13(b)(6) a change in law could constitute extraordinary and compelling circumstances. If a defendant received an unusually long sentence and has served a minimum of 10 years, a court may consider a change in the law if the change would produce a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." *United States v. Jean*, 108 F.4th 275, 289 (5th Cir. 2024) (quoting § 1B1.13(b)(6)). Clifton has not served the minimum of 10 years. And he does not raise, nor is the Court aware of, any intervening change in the law that would create a gross sentencing disparity if he were sentenced today. Section 1B1.13(b)(6) does not apply.

      *iii.*    *Clifton's Family Circumstances Are Not an Extraordinary and Compelling Reason.*

Section 1B1.13 describes four instances in which family circumstances might warrant extraordinary and compelling reasons: (A) "[t]he death or incapacitation of the caregiver of the

defendant's minor child," (B) "[t]he incapacitation of the defendant's spouse . . . when the defendant would be [their] only available caregiver;" (C) "[t]he incapacitation of the defendant's parent when the defendant would be [their] only available caregiver;" and (D) other similar circumstances in which the defendant would be the only available caregiver. § 1B1.13(1)(b)(3). Clifton alleges none of these circumstances. While the Court sympathizes with Clifton's commendable to desire to take care of his child, Clifton explicitly recognizes that his child's mother is a competent caretaker. Doc. 128, Mot., 7. Even if it is more burdensome for Clifton's wife to take care of his child without his assistance, this hardship does not fall within § 1B1.13(1)(b)(3). *See United States v. Degante*, No. 4:17-CR-00075, 2022 WL 2813716, at *5 (E.D. Tex. July 18, 2022) (finding that a defendant seeking to provide financial support for his mother and children was not an extraordinary and compelling reason justifying compassionate release). Clifton's family circumstances do not warrant a reduction.

   *iv.*  *Clifton's Rehabilitation Does Not Warrant a Sentence Reduction.*

Finally, Clifton explains that he has rehabilitated while incarcerated. Doc. 128, Mot., 10–11. He notes he now shows remorse and repentance that he lacked at sentencing. *Id.* And he focuses on his reinvigorated Christian faith. *Id.* While the Court commends Clifton's acceptance of responsibility and his efforts to rehabilitate, rehabilitation alone does not warrant compassionate release under § 3582(c)(1)(A). *See Shkambi*, 993 F.3d at 391.

   *v.*  *The § 3553(a) Factors Do Not Favor Compassionate Release.*

Finally, before granting compassionate release under § 3582(c)(1)(A), the Court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). Section 3553(a) requires the Court to consider, among other things, whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense." § 3553(a)(2)(A).

Although Clifton has failed to make a threshold showing of extraordinary and compelling reasons warranting a reduced sentence, the Court also notes that, had he shown extraordinary and compelling reasons, Clifton's Motion would fail under the § 3553(a) factors. Clifton has served almost seven years for his offense. The top of the guidelines range for Clifton's crime is over eleven years. The Court finds that releasing him after serving seven years would not promote respect for the law or reflect the seriousness of his offense, during which he defrauded one of two victims of over one million dollars. *See* Doc. 73, Judgment, 6. Therefore, § 3553(a) disfavors a reduction.

## IV.

## CONCLUSION

For the foregoing reasons, Clifton's Motion to Reduce Term of Imprisonment (Doc. 128) is **DENIED WITHOUT PREJUDICE**. By denying Clifton's Motion without prejudice, the Court permits Clifton to file a subsequent motion seeking compassionate release in the event he demonstrates: (1) a change in circumstances rising to the level of extraordinary and compelling; (2) that he satisfied the exhaustion requirement with respect to those circumstances; and (3) that the 18 U.S.C. § 3553(a) factors support his release.

SO ORDERED.

SIGNED: November 22, 2024.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE